IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATHER SHREVES,<br><br>  Plaintiff,<br><br>v.<br><br>LEEDS,<br><br>  Defendant. | Case No.<br><br><br><br>**COMPLAINT IN CIVIL ACTION**<br><br>**JURY TRIAL DEMADED** |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, Heather Shreves, by and through her attorneys, Kraemer, Manes & Associates, LLC, Martell Harris, Esquire, and Danielle M. Parks, Esquire, and files this Complaint against Defendant, Leeds, and in support thereof, avers the following:

### Introduction

This complaint alleges willful violations of the Family Medical Leave Act ("FMLA"), when Plaintiff requested FMLA leave to care for her mother after two surgeries. Defendant terminated Plaintiff for alleged FMLA abuse.

### Jurisdiction and Venue

1. This case arises under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. This Court has jurisdiction of disputes arising under the laws of the United States of America pursuant to 28 U.S.C. § 1331. The events and omissions giving rise to this cause of action occurred in Westmoreland County Pennsylvania, and therefore venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### Parties

2. The Plaintiff is Heather Shreves ("Shreves") an adult individual residing in Allegheny County Pennsylvania.

3. The Defendant is Leeds, a corporation doing business at 400 Hunt Valley Road New Kensington, Pennsylvania 15068.

## Facts of the Case

4. Shreves began working for Leeds through a temporary agency in April 2005 and was hired permanently by Leeds in July 2005 as an Order Processing Specialist.

5. In April 2016, Shreves requested FMLA leave to take care of her mother as her mother was undergoing rotator cuff surgery.

6. Shreves' manager, Russ Herman ("Herman"), granted the FMLA request, with the stipulation that Shreves would work four (4) hours in the evening to accommodate a large customer account.

7. Shreves returned from FMLA leave and resumed her full-time shift on or about the week of May 30, 2016.

8. In late 2016, Shreves' doctor ordered her to work no more than ten (10) hours per day as she was suffering from migraines.

9. Herman informed Shreves that she would need to make up this FMLA time on the weekends.

10. On February 15, 2017, Shreves' mother required an additional surgery, therefore, Shreves requested FMLA leave.

11. Shreves was granted partial FMLA leave, starting on February 27, 2017.

12. Shreves exercised FMLA during the day and worked from 6:00 p.m. to midnight.

13. As her mother was the caretaker for Shreves' children when Shreves was working full-time, Shreves took care of her children and mother simultaneously during the day.

14. Nine days after Shreves returned from FMLA leave, she was placed on paid suspension, pending an investigation into alleged FMLA abuse.

15. Brenda Scholl, a Human Resources representative, informed Shreves that while she was out on FMLA, she was being watched and that Shreves was observed putting her daughter on the school bus.

16. On April 25, 2017 was terminated.

## COUNT I
## 29 U.S.C. § 2601 et seq.
## Family Medical Leave Act (FMLA)
## Violation of the Family Medical Leave Act – Termination

17. All previous paragraphs are incorporated.

18. Shreves worked for Leeds for more than one year prior to her need for FMLA leave.

19. Shreves worked more than 1250 hours in the previous year prior to her need for FMLA leave.

20. Leeds employ more than 50 people within 75 miles of the location Shreves worked.

21. Leeds was on notice that Shreves needed leave, and such leave qualified for FMLA protection.

22. Leeds terminated Shreves as a result of exercising her FMLA leave.

23. Shreves was entitled to job protection by way of her FMLA needs. Leeds' decision to terminate Shreves as a result of her exercising FMLA leave injured her rights under federal law.

24. Shreves was damaged by Leeds' actions.

## COUNT II
## 29 U.S.C. § 2601 et seq.
## Family Medical Leave Act (FMLA)
## Violation of the Family Medical Leave Act – Retaliation

25. All previous paragraphs are incorporated.

26. Shreves worked for Leeds for more than one year prior to her need for FMLA leave.

27. Shreves worked more than 1250 hours in the previous year prior to her need for FMLA leave.

28. Leeds employ more than 50 people within 75 miles of the location Shreves worked.

29. Shreves initiated her rights under FMLA when she applied for and was granted FMLA leave.

30. Shreves was entitled to benefits under FMLA.

31. Leeds retaliated against Shreves for obtaining FMLA benefits by terminated her employment immediately following her return from FMLA leave.

32. Shreves suffered injury and damages which were directly and proximately caused by Leeds.

WHEREFORE, Plaintiff, Heather Shreves, respectfully requests that this Honorable Court enter judgment in her favor and against that of Defendant Leeds, and to award Plaintiff economic and liquidated damages, costs of suit and attorney's fees, in addition to any and all further relief as this Court may find just.

Respectfully submitted,

/s/Martell Harris
Martell Harris, Esquire
PA I.D. No. 319504
412.626.5585 (p)
412.637.0231 (f)
mh@lawkm.com

/s/ Danielle Parks
Danielle M. Parks, Esquire
PA I.D. No. 322653
412.626.5593 (p)
412.428.8178 (f)

dp@lawkm.com

*Attorneys for Heather Shreves*

**KRAEMER, MANES & ASSOCIATES, LLC**
U.S. Steel Tower
600 Grant Street, Suite 4875
Pittsburgh, PA 15219